UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

ROBERT EDWARD HINE,

            Petitioner,            Case No. 1:09-cv-819

v.                                             Honorable Paul L. Maloney

BLAINE C. LAFLER,

            Respondent.
_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I. <u>Factual Allegations</u>

The state-court prosecution arose from the death of Caitlin McLaughlin, the two-year-old daughter of Petitioner's girlfriend, in November 1996. Petitioner was ultimately convicted in the Calhoun County Circuit Court of first-degree felony murder, MICH. COMP. LAWS § 750.316(b), and first-degree child abuse, MICH. COMP. LAWS § 750.136b. On October 10, 1997, Petitioner was sentenced to prison terms of life without the possibility of parole and ten to fifteen years, respectively. The Michigan Court of Appeals reversed Petitioner's convictions because of a perceived error in admission of other acts evidence and remanded the case to the trial court. The Michigan Supreme Court vacated the judgment of the court of appeals and remanded the case to that court for reconsideration in light of *People v. Sabin (After Remand)*, 614 N.W.2d 888 (Mich. 2000). On remand, the court of appeals again reversed Petitioner's convictions and remanded the case to the trial court. The state supreme court reversed the judgment of the court of appeals, holding that the evidence of Petitioner's assaultive behavior toward three women was admissible under *Sabin* to establish the common scheme, plan, or system of Petitioner in perpetrating a particular type of physical assault. The supreme court remanded to the court of appeals for consideration of the issues that had not yet been addressed by the court.

On remand for the second time, the Michigan Court of Appeals rejected Petitioner's remaining claims, except for the asserted violation of his right against double jeopardy. The court of appeals agreed that convicting and sentencing a defendant for both felony-murder and the predicate felony violates the prohibition against double jeopardy under the state Constitution. Accordingly, the court of appeals vacated Petitioner's conviction for first-degree child abuse and

remanded to the trial court for administrative correction of the judgment of sentence. The Michigan Supreme Court subsequently denied Petitioner's application for leave to appeal on July 28, 2003.

Petitioner, through counsel, filed an application for habeas review in this Court on July 21, 2004. *See Hine v. Jones*, No. 4:04-cv-98 (W.D. Mich.) On August 23, 2004, the Court dismissed the petition without prejudice on the grounds that Petitioner had failed to exhaust his available state-court remedies. (*Id.*, docket ##10-11.) In its opinion, the Court discussed the one-year statute of limitations and held that, absent tolling, Petitioner would have until October 27, 2004, in which to file his petition. The Court advised that the statute of limitations would be tolled during the pendency of his state post-conviction proceedings.

Petitioner filed a motion for relief from judgment in the Calhoun County Circuit Court on December 18, 2006, which was denied on February 7, 2007. Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court, both of which denied leave to appeal on the grounds that Petitioner had failed to demonstrate entitlement to relief under MICH. COMP. LAWS 6.508(D). The supreme court issued its order on September 9, 2008. Petitioner filed the instant habeas petition on or about August 31, 2009.[1]

II. Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA). Prior to enactment

---

[1] Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Petitioner dated his application on August 31, 2009, and it was received by the Court on September 3, 2009. Thus, it must have been handed to prison officials for mailing at some time between August 31 and September 3, 2009. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.

of the AEDPA, there was no defined period of limitation for habeas actions.[2]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  *See Dodd v. United States*, 545 U.S. 353, 357 (2005).  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C.

---

[2]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

§ 2244(d)(1)(A). According to Petitioner's application, Petitioner appealed his conviction to the Michigan Court of Appeals and Michigan Supreme Court. Following multiple remands, the Michigan Supreme Court denied his application for the last time on July 28, 2003. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, October 27, 2003.

Petitioner had one year from October 27, 2003, or until October 27, 2004, in which to file his habeas application. Before that period expired, he filed his first federal habeas action, through counsel, by petition submitted on July 21, 2004. (*Hine v. Jones*, No. 4:04-cv-98). The filing of this federal habeas corpus action did not, however, toll the running of the statute of limitations. *Duncan v. Walker*, 533 U.S. 167 (2001). When Judge Robert Holmes Bell dismissed this habeas action for lack of exhaustion by judgment entered August 23, 2004, the limitation period still had sixty days before it would expire. Judge Bell expressly notified counsel of that fact and remarked that Petitioner therefore had adequate time to return to state court. (Op., docket # 10, at 7). Petitioner, however, did not file his motion for post-conviction relief in the state circuit court until December 16, 2006, *over two years later*.

Although 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). Once the limitations period is

expired, collateral petitions can no longer serve to avoid a statute of limitations. *Id.*; *McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003). Because Petitioner's one-year period expired in October 2004, his collateral motion filed in December 2006 did not serve to revive the limitations period. Therefore, the present action, filed on August 31, 2009, is clearly barred, as the limitations period expired on October 27, 2004.

The one-year limitations period applicable to § 2254 is a statute of limitations subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) (holding that the one-year statute of limitations set forth in § 2254 and § 2255 are subject to equitable tolling). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Jurado v. Burt,* 337 F.3d 638, 642 (6th Cir. 2003); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See Solomon v. United States,* 467 F.3d 928, 933 (6th Cir. 2006); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Dunlap*, 250 F.3d at 1008-09. A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence*, 549 U.S. at 335 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999));

*Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Moreover, Petitioner had the benefit of the Court's analysis of the statute of limitations in the opinion dismissing his first habeas petition. Despite being informed that his limitations period would expire on October 27, 2004, Petitioner did not file his state-court motion until more than two years later. Further, he waited an additional year after exhausting state remedies before filing the present action. Accordingly, because Petitioner cannot demonstrate the necessary diligence, I conclude that Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. I further recommend that a certificate of appealability be denied. *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Dated:  October 7, 2009                    /s/  Joseph G. Scoville
                                           United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).