UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT E. HINE,
        Petitioner,

No. 1:09-cv-819

-v-

HONORABLE PAUL L. MALONEY

BLAINE C. LAFLER,
        Respondent.

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Robert Hine, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The magistrate judge reviewed the petition and issued a report (Dkt. No. 4) recommending the petition be dismissed as barred by the one-year statute of limitations. Petitioner filed an objection (Dkt. No. 5), a supplemental objection (Dkt. No. 7), and petition to supplement his habeas petition (Dkt. No. 9).

**STANDARD OF REVIEW**

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has ten days to file written objections to the proposed findings and recommendations.[1] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide *de novo* review where the objections are frivolous, conclusive or too general because the burden is on the

---

[1] Since the report was issued, the rule has been amended to allow parties up to fourteen days to file objections.

parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**ANALYSIS**

**A. Report and Recommendation (Dkt. No. 4)**

The report and recommendation issued by the magistrate judge accurately outlines the facts concerning the procedural history of Plaintiff's petition. Petitioner first sought habeas review in this court on July 21, 2004. On August 23, 2004, the petition was dismissed on the grounds that Petitioner failed to exhaust his available state-court remedies. In that opinion, Judge Robert Holmes Bell concluded Petitioner had time to file, in state court, a motion for relief from judgment under Michigan Court Rule 6.500. *Hine v. Jones*, No. 4:04-cv-98 (W.D. Mich. Aug. 23, 2004). In a footnote on page 7 of the opinion, Judge Bell calculated the time remaining on Petitioner's one-year statute of limitations for seeking federal habeas relief. *Id.* Specifically, Judge Bell found "Petitioner, therefore, has until October 27, 2004, in which to file his habeas petition. The running of the statute of limitations will be tolled when 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" *Id.* (citing 28 U.S.C. § 2244(d)(2)). Petitioner did not file his 6.500 motion with the state court until December

18, 2006.

The magistrate judge correctly concludes the statute of limitations for Petitioner's habeas application has expired. Had Petitioner's 6.500 motion been filed before October 24, 2004, the time to file his petition in federal court would have been tolled.[2] Contrary to Petitioner's objection, Judge Bell's opinion is clear, understandable, and to the point. Petitioner had approximately two months remaining on the one-year federal statute of limitations when the earlier petition was dismissed. If Petitioner had filed an appropriate motion in state court within those two months, the time remaining on his federal statute of limitations would have been tolled. Petitioner's state court motion was filed more than 22 months after the statute of limitations on his federal habeas claim expired. The magistrate judge accurately explained in the report why the 6.500 motion did not revive the statute of limitations period for Petitioner's federal claim. Judge Bell was not required to "stay and abey" the 2004 petition. *See Wiedbrauk v. LaVigne*, 174 F.App'x 993, 999 (6th Cir. 2006).

Accordingly, the report and recommendation (Dkt. No. 4) is ADOPTED over objections as the opinion of this court.

**B. Petition to Supplement Habeas Petition (Dkt. No. 7)**

Petitioner moves, under Fed. R. Civ. P. 15(a), to supplement his habeas petition to add a claim of actual innocence. In order to be entitled to habeas relief on claim for actual innocence, a petitioner "must 'show that it is more likely than not that no reasonable juror would have convicted

---

[2] This situation was understood by Petitioner's counsel and explained to Petitioner in a letter dated August 28, 2006. (Dkt. No. 5-2, PgID 57-58.) The Michigan Supreme Court denied Petitioner's motion for leave to appeal the adverse determination of his 6.500 motion on September 9, 2008. Inexplicably, Petitioner's counsel then informed Petitioner he could now proceed to file a petition for habeas review in federal court, and had one year to do so. (Dkt. No. 5-2, PgID 59-60.) Petitioner acknowledges counsel's miscalculation is not a basis for equitable tolling. (Dkt. No. 7 at 2.) *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007).

him in light of the new evidence,' which can take the form of 'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial.'" *Chavez-Tucker v. Hudson*, 348 F.App'x 125, 133 (6th Cir. 2009) (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995)). The types of evidence identified in *Schlup* was not meant to be an exhaustive list. *Souter v. Jones*, 395 F.3d 577, 595 n. 8 (6th Cir. 2005). The *Schulp* standard is "demanding" and permits review only in "extraordinary" cases. *House v. Bell*, 547 U.S. 518, 538 (2006). Petitioner's "new evidence" is an article published in May 2004 in the Criminal Defense Newsletter. In the article, the author outlines arguments that defense counsel should raise when a prosecutor's medical experts testify about shaken baby syndrome.[3] (Dkt. No. 9-2.)

Petitioner's request to supplement his petition to add a claim for actual innocence is DENIED as futile. *See Ross v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000); *see also Burros v. Curtin*, No. 1:05-cv-701, 2006 WL 2254021, at *1 (W.D. Mich. Nov. 17, 2006) (Brenneman, M.J.) (denying, as futile, a motion to amend a habeas petition to add a claim for actual innocence). The evidence Petitioner relies upon is not the sort of new evidence that falls under *Schlup*. "The [Supreme] Court has noted that 'actual innocence means factual innocence, not mere legal insufficiency.'" *Souter*, 395 F.3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). The published article contains no facts about Petitioner or the events for which he was convicted. The article outlines a legal strategy for undermining expert medical opinions when those experts testify about shaken baby syndrome. Certainly, such tactics would have been helpful to Petitioner at his trial and likely would have undermined the value of the testimony offered against

---

[3]The court gathers, based on Petitioner's motion to supplement, that the prosecutor called experts to testify about shaken baby syndrome at Petitioner's trial.

him. However, the article is not the sort of new evidence that warrants equitable tolling as it is not evidence that establishes a set of facts upon which that no reasonable juror could have voted to convict.

**CONCLUSION**

The petition for habeas relief is barred by the one-year statute of limitations. Petitioner's request to add a claim for actual innocence is futile. The new evidence offered by Petitioner does not establish his factual innocence; the evidence is an article outlining a legal strategy to undermine specific expert medical testimony.

CERTIFICATE OF APPEALABILITY

A district court must issue a certificate of appealability either at the time the petition for writ of habeas corpus is denied or upon the filing of a notice of appeal. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) (per curiam). A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). *See Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). To satisfy this standard, the petitioner must show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Id.* (quoting *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)). Courts should undertake an individualized determination of each claim presented by the petitioner when considering whether to issue a certificate of appealability. *Murphy v. Ohio*, 551 F.3d 485, 492 (6th Cir. 2009). The court has reviewed the record for the purpose of determining whether to issue a certificate of appealability. The court finds reasonable jurists would not disagree

with the result here. Petitioner's collateral attack in state court on his conviction did not toll the one-year statute of limitations period for seeking federal habeas relief. His actual innocence claim is not based on the sort of factual evidence required by *Schlup*.

**ORDER**

For the reasons provided in the accompanying opinion, **IT IS HEREBY ORDERED:**

1. The report and recommendation (Dkt. No. 4) is **ADOPTED**, over objections, as the opinion of this court.

2. The petition for writ of habeas corpus is **DISMISSED WITH PREJUDICE** as time barred by the one-year statute of limitations.

3. Petitioner' motion to supplement (Dkt. No. 9) is **DENIED**.

4. A certificate of appealability is **DENIED.**

Date: August 5, 2010 /s/ Paul L. Maloney
Paul L. Maloney
Chief United States District Judge